IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3312-FL

| | | |
|---|---|---|
| CIRO BETANCOURT GRAJALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CYNTHIA THORTON and | ) | |
| SERGEANT TALLY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on defendants motion to dismiss (DE 12) pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), which the court construes as a motion to dismiss solely pursuant to Rule 12(b)(6). Plaintiff did not respond to defendants' motion. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendants' motion.

**STATEMENT OF THE CASE**

On December 16, 2014, plaintiff, a state inmate incarcerated at Harnett Correctional Institution ("Harnett"), filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983, against defendants Harnett Correctional Institution Administrator Cynthia Thornton ("Thornton") and Sergeant Tally ("Tally"). Plaintiff alleged that defendant Tally discriminated against him on the basis of his race in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff also alleged that defendant Tally's actions violated plaintiff's rights pursuant to the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment

to the United States Constitution. Finally, plaintiff alleged claims against defendant Thorton based upon supervisor liability.

On September 14, 2015, defendants filed a motion to dismiss pursuant to Rule 12(b)(6) arguing that plaintiff failed to state a claim upon which relief may be granted. Although plaintiff was notified of defendants' motion, he did not respond.

## STATEMENT OF FACTS

Plaintiff's complaint in its entirety is set forth below:

> I have been discriminated to obtain my job as a Janitor in the A-dorm due to my hispanic origin. I had held the position as janitor for more than 21 months, since December 2012 until September 9, 2014 when at no fault of my own, but for serious discrimination by Sgt. Tally, I was dismissed from my job when I was placed in segregation for a dubious and ambigoos investigation.
>
> After 13 days of investigation, and plaintiff had being placed in segregation, Plaintiff was returned to general population, although Plaintiff did not receive a single disciplinary action against him. Plaintiff was not given his janitor Job at A-dorm.
>
> Defendant Sgt. Tally refused to grant the Plaintiff his job back at A-dorm as a janitor because plaintiff is from Hispanic origin.
>
> Defendant Ms. Thornton failed to use her Supervisory duties and to protect the interest of the plaintiff by ignoring the duties of non-discrimination and equal protection who were disregard by Sgt. Tally her direct employee.

(Compl. pp. 3-4) (no alterations to the original.) As relief, plaintiff requests the following: "To sanction the Defendants for deliberate indifference, discrimination, and racial profiling and to compensate the plaintiff for punitive, compensatory, exemplary and administrative damages in the amount of § 750,000[.00] . . . plus any other relief in favor of the plaintiff. (Id. pp. 4-5.)

2

**DISCUSSION**

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v.

3

Gamble, 429 U.S. 97, 106 (1976)); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir. 1994). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555). Furthermore, while a *pro se* complaint must be construed liberally, it is not the court's obligation "to discern the unexpressed intent of the plaintiff." Laber v. Harvey, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

B.  Analysis

1.  Equal Protection

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To that end, the Equal Protection Clause provides that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Racial discrimination in prisoner job assignments states a violation of the Equal Protection Clause. See Davis v. Passman, 442 U.S. 228 (1979). Generally, in order to establish an Equal Protection Claim, a plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. If he makes this showing, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Veney v. Wyche, 293 F.3d 726, 730–31 (4th Cir. 2002) (internal quotation omitted); Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). In a prison context, this level of scrutiny is "whether the disparate treatment is reasonably related to [any] legitimate penological interests." Veney, 293 F.3d at 732 (internal quotation omitted).

Plaintiff contends that his rights pursuant to the equal protection clause were violated when he was terminated from his job as a janitor at Harnett after he was placed in segregation pending an investigation in connection with a disciplinary charge. Plaintiff, however, does not allege that other inmates were treated differently or better than he was, and does not allege that such preferential treatment was due to his race. Rather, plaintiff, himself, attributes the loss of his job to the fact that he was being investigated for a disciplinary charge, and does not allege that such investigation was related to his race. Plaintiff, additionally, failed to set forth any specific, non-conclusory factual allegations which establish improper motive. See Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003); Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2001) ("The presence [] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint" do not support the legal conclusion.). Thus, plaintiff has not met his burden of demonstrating that he was treated differently from similarly situated inmates. Because plaintiff fails to state a *prima facie* claim for race discrimination, defendants' motion to dismiss is GRANTED as to this claim.

2. Due Process Claim

Plaintiff asserts that defendant Tally dismissed him from his job as a janitor in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff, however, failed to state a claim because the loss of a prison job does not implicate a constitutionally protected liberty interest. See O'Bar v. Pinion, 953 F.2d 74, 85–86 (4th Cir. 1991) (removing inmate from work release program did not violate his constitutional rights); Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir. 1978) ("[W]ork assignments of prisoners . . . are matters of prison administration, within the discretion of prison administrators," and do not implicate the due process

5

clause.); Johnson v. Knable, 862 F.2d 314 (4th Cir.1988) (stating that "prison work assignments are matter within the discretion of prison official, and denial of employment does not, in and of itself, abridge any constitutional right of the inmate"); see also, Bliss v. United States Attorney General, No. 8:07–160–TLW–BHH, 2009 WL 3105257, at *5 (D.S.C. Sept. 23, 2009) (finding no due process protections where inmate lost only his job and telephone privileges). Thus, defendants' motion to dismiss is GRANTED as to this claim.

    3.    Eighth Amendment Claim

Plaintiff, in his request for relief, asks that the court "sanction [] defendants for deliberate indifference." (Compl. p. 4.) Plaintiff provides no further allegations to support a claim pursuant to the Eighth Amendment to the United States Constitution. Plaintiff's conclusory allegations of "deliberate indifference" are insufficient to state an Eighth Amendment claim. See Ashcroft, 556 U.S. at 681 (citation omitted); Young v. City of Mount Ranier, 238 F.3d 567, 577 (4th Cir. 2001) (dismissing Fourteenth Amendment claim where complaint alleged "deliberate indifference" but included no facts to support allegation); see, e.g., White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required). Thus, defendants' motion to dismiss is GRANTED as to this claim.

    4.    Supervisor Liability

Plaintiff seeks to hold defendant Thornton, a supervisory official at Harnett, liable for defendant Tally's alleged conduct. Generally, the doctrine of vicarious liability is inapplicable to a § 1983 action, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978). Higher officials may be held liable for

6

the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368, 372 (4th Cir.1984), cert. denied, Reed v. Slakan, 470 U.S. 1035 (1985). Plaintiff failed to allege facts to suggest that Thornton was aware of any alleged unconstitutional conduct and failed to take corrective action. Further, as stated above, plaintiff failed to state a claim against Tally. Based upon the foregoing, defendants' motion to dismiss is GRANTED as to this claim.

## CONCLUSION

Based upon the foregoing, defendants' motion to dismiss (DE 12) is GRANTED, and the action is DISMISSED without prejudice for failure to state a claim upon which relief may be granted pursuant to Rule12(b)(6).[1] The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 27th day of May, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] Because the court dismissed this action for failure to state a claim, the court did not reach defendants' affirmative defense of qualified immunity.